CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EAST WIND CARRIERS (UK)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EAST WIND CARRIERS (UK),

                Plaintiff,

     v.

RSK LOGISTICS & TRADING GmbH,

               Defendant.
-----------------------------------------------------------------X

**07 CIV 9903**

07 CV ____ (___)

**VERIFIED COMPLAINT**

      Plaintiff EAST WIND CARRIERS (UK), (hereinafter "EASTWIND") by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, RSK LOGISTICS & TRADING GmbH (hereinafter "RSK"), alleges upon information and belief as follows:

### JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff EASTWIND was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law.

3. The plaintiff EASTWIND is engaged in business as a manager of ocean going vessels, and it charters such ocean going vessels to others for the carriage of cargo in exchange for payments of hire or freight.

4. At all times material hereto, EASTWIND was the disponent Owner of the M/T EW HENFIELD, which is an oil products tanker.

5. At all times material hereto, defendant RSK was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country by virtue of foreign law with an office located at Herrenberger Strasse 68, 72202 Nagold Germany.

6. The defendant RSK is a logistics and trading company that transports and trades petroleum products and oil cargoes.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

7. On September 28, 2007, plaintiff EASTWIND, as disponent owner of the ocean-going vessel M/T EW HENFIELD, entered into a charter party contract with defendant RSK, as charterer, whereby defendant RSK hired the M/T EW HENFIELD to carry RSK's cargo of about 27,000 metric tons of gasoil on one voyage from Tuapse, Russia to a port in either the Netherlands or Belgium at the charterer's option.

8. The charter party contract between plaintiff EASTWIND and defendant RSK is a maritime contract.

9. The terms of the maritime contract were set forth in a recap fixture for the charter of the vessel, which set forth the main terms of the contract as agreed to by plaintiff EASTWIND and defendant RSK and provided that the parties would otherwise be bound by the standard ASBATANKVOY charter party with Owner's amendments and protective clauses as agreed.

10. Under the terms of the charter party agreement between EASTWIND and RSK, the plaintiff EASTWIND was to be paid freight at a rate of $22.00 per metric ton of cargo carried or approximately $594,000.00 in freight charges.

11. Under the terms of the charter party agreement between EASTWIND and RSK, the vessel would earn additional amounts for demurrage, i.e. extended freight, for delay time at the loading and discharging ports at a rate of $16,000 per day.

12. Plaintiff EASTWIND fulfilled its obligations under the maritime contract, by presenting the M/T EW HENFIELD as ready for loading the charterer's cargo at the Port of Tuapse, and the M/T EW HENFIELD tendered its Note of Readiness at Tuapse, Russia on October 8, 2007.

13. In breach of its obligations under the charter party agreement, the Defendant RSK failed to provide a cargo for loading.

14. The M/T EW HENFIELD waited at the Port of Tuapse for the charterer to load the cargo of gasoil from October 8, 2007 until November 8, 2007.

3

15. For the period from the time the vessel arrived in Tuapse until November 8, 2007, the M/T EW HENFIELD earned demurrage in the amount of $443,133.33 which was due and payable from Defendant RSK.

16. Despite repeated demands, the Defendant RSK has not paid any demurrage for the waiting time Tuapse and RSK is, therefore, in breach of the charter party agreement.

17. Owing to the fact that the Defendant RSK did not respond to repeated demands for confirmation that it would provide a cargo for the M/T EW HENFIELD, the Plaintiff ordered the M/T EW HENFIELD to sail from the Port of Tuapse in order to look for other employment in an effort to mitigate damages.

18. The M/T EW HENFIELD sailed from the Port of Tuapse on November 9, 2007 with no cargo on board.

19. By reason of Defendant RSK's failure to provide a cargo at Tuapse and its failure to pay freight, both of which are breaches of the charter party agreement, the Plaintiff EASTWIND has suffered damages by way of loss of freight in the approximate amount of $594,000.00

20. The maritime contract charter party between the plaintiff EASTWIND and defendant RSK, at clause 20, provides that any disputes arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

21. The plaintiff EASTWIND intends to demand arbitration from the defendant RSK in London and is preparing to initiate arbitration proceedings against the Defendant RSK.

22. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration.

23. As best as can now be estimated, the plaintiff EASTWIND expects to recover the following amounts in London arbitration from defendant RSK:

| | | | |
|---|---|---|---|
| A. | Principal claim | | |
| | 1. | Freight: | $ 571,000.00 |
| | 2. | Demurrage: | $ 443,133.33 |
| | | Total Principal Claim: | *$1,014,133.33* |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | | *$ 253,245.69* |
| C. | Estimated attorneys' fees in London: | | *$ 150,000.00* |
| D. | Estimated arbitration costs/expenses: | | *$ 50,000.00* |
| | **Total Claim** | | **$1,467,379.02** |

## PRAYER FOR RELIEF

24. Notwithstanding the fact that the liability of the Defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

25. Plaintiff EASTWIND believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other

5

charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

26. As set forth in the accompanying affidavit of Owen F. Duffy, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

27. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendant be summoned to appear and answer this Verified Complaint;

B. That the Defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.  That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* US $1,467,379.02, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.  That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       November 8, 2007

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EAST WIND CARRIERS (UK)

By: _____
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605


CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EAST WIND CARRIERS (UK)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EAST WIND CARRIERS (UK),

              Plaintiff,

              07 CV _____ ( ___ )

  v.

              **VERIFICATION**

RSK LOGISTICS & TRADING GmbH,

              Defendant.
-----------------------------------------------------------------X

STATE OF NEW YORK  :
                             : ss.
COUNTY OF NASSAU  :

      BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

1.     That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, EAST WIND CARRIERS (UK), herein;

2.     That he has read the foregoing complaint and knows the contents thereof;

3. That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
       November 8, 2007

                                    CHALOS, O'CONNOR & DUFFY, LLP
                                    Attorneys for Plaintiff

                            By:     _____
                                    Owen F. Duffy (OD-3144)
                                    366 Main Street
                                    Port Washington, New York 11050
                                    Tel:  (516) 767-3600
                                    Fax:  (516) 767-3605

Subscribed and sworn to before me this
November 8, 2007

_____
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2